**BLAND et al. v. ORANGEFIELD INDE-PENDENT SCHOOL DIST. et al.**
(No. 1934.)

Court of Civil Appeals of Texas. Beaumont.
Dec. 7, 1929.

Rehearing Denied Jan. 29, 1930.

Holland & Cousins, of Beaumont, for appellants.

Dies, Stephenson & Dies, of Orange, for appellees.

HIGHTOWER, C. J. This is a controversy between the county board of school trustees of Orange county and the county superintendent of schools in that county on the one side, and the trustees of the Orangefield independent school district of that county. The controversy was initiated by the trustees of the Orangefield independent school district by their presentation to the district judge of Orange county, in vacation, of a petition for the writ of injunction to enjoin the trustees of the Orange county school board and the county superintendent from in any manner interfering with the school affairs of the Orangefield independent school district and the management of the school affairs of that district by its trustees.. The temporary writ of injunction, as prayed for by the plaintiffs, who are the appellees here, was granted, and thereafter the defendants, who are appellants here, filed their answer and with it a motion to dissolve the temporary writ of injunction, which motion was refused and denied, and it is from that order that this appeal is prosecuted.

On July 12, 1929, an election was held in the Orangefield independent school district and also in the Duncan Woods common school district No. 9 of Orange county for the purpose of determining whether the legally qualified voters in those two districts desired that they be consolidated for school purposes. It is conceded that the election in each of these districts was had strictly in compliance with article 2806 of the Revised Statutes 1925, and that a majority of the legally qualified voters in each of those districts voted in favor of the consolidation. On July 17th following, the commissioners' court of Orange county convened and canvassed the votes in each of the above-mentioned school districts and duly declared the result of the election as being in favor of the consolidation of Duncan Woods common school district No. 9 with the Orangefield independent school district for school purposes. There was no other order made by the commissioners' court at that time, but on August 24th following the commissioners' court of Orange county did enter a formal written order upon the minutes of that court declaring the consolidation of Duncan Woods common school district No. 9 with the Orangefield independent school district. Before this formal order by the commissioners' court was entered declaring the consolidation, the Orange county board of school trustees on July 22, 1929, entered an order upon the minutes of that board purporting to establish common school district No. 5 in Orange county by placing within that district a large portion of the territory that was theretofore a part of Duncan Woods common school district No. 9. The county board of Orange county, in making this order, establishing common school district No. 5, acted alone upon the petition of certain residents of what was theretofore a portion of Duncan Woods common school district No. 9. There was no election held of any character for the purpose of determining whether common school district No. 5 should be established, as was done by the county board, nor does the order for the establishment of that district by the county board purport to have been made upon a petition of a majority of the legally qualified taxpaying voters of Duncan Woods common school district No. 9 or of the consolidated district, nor was any notice of any character given by the county school board of Orange county of the intention of that board to establish common school district No. 5, as it did.

Upon these undisputed facts it was and is the contention of the appellees that the county school board of Orange county was without lawful authority to create or establish common school district No. 5, comprised wholly of territory taken from Duncan Woods common school district No. 9, and that the attempt on the part of the county board to do so was a nullity and could not affect in any way or to any extent the consolidation of the Orangefield independent school district with the Duncan Woods common school district No. 9.

It is contended by learned counsel for appellant that there was no consolidation of the Duncan Woods common school district No. 9 with the Orangefield independent school district prior to August 24, 1929, which was the date, as we have shown, that the commissioners' court of Orange county entered a formal order declaring such consolidation, and that, therefore, the county board of school trustees of Orange county had lawful authority to enter the order that it did enter on July 22, 1929, establishing common school district No. 5 out of territory that had theretofore been embraced in Duncan Woods common school district No. 9. Counsel for appellant further contend that, even if the consolidation of the Duncan Woods common school district No. 9 with the Orangefield independent school district was effected prior to the action of the county school board of Orange county establishing common school

district No. 5, nevertheless that board acted within its lawful authority in establishing that district.

Counsel for appellees contend, in effect, that since the duly qualified voters in the Orangefield independent school district, as it originally existed, and the duly qualified voters in the Duncan Woods common school district No. 9 by majority vote voted in favor of the consolidation of those two districts at an election in each of those districts duly called and held for that purpose, and since the commissioners' court of Orange county at its next session on July 17, 1929, duly and legally declared the result of that election and declared and ordered that the election had resulted in favor of the consolidation of those two districts, such consolidation was thereby effected, and that no further or formal order was required to effect the consolidation of those two school districts. Counsel for appellees further contend that, if the consolidation of the Orangefield independent school district and the Duncan Woods common school district No. 9 did not become effective by the order of the commissioners' court declaring the result of the election in those two districts in favor of their consolidation, nevertheless their consolidation was in process of being perfected or becoming effective, and that appellants could not thwart or prevent the consolidation of those two school districts by attempting to create, as appellants did, common school district No. 5, comprised wholly of territory taken from Duncan Woods common school district No. 9 as it originally existed. We think this states fairly and fully enough the contentions made by counsel for the parties to this suit.

█ We shall first dispose of appellants' contentions that no consolidation of the Duncan Woods common school district No. 9 with the Orangefield independent school district had become effective prior to the action of the county board of school trustees of Orange county on July 22, 1929, establishing common school district No. 5. We have reached the conclusion that this contention is not sound. It is admitted that the election held in each of the districts desiring consolidation was held in strict compliance with article 2806, Revised Statutes 1925, and that the result of that election in both districts was in favor of the consolidation, and that this result was duly and legally declared and entered upon the minutes of the commissioners' court of Orange county on July 17, 1922. This being so, there was nothing left for the commissioners' court of Orange county to do but to make such orders as were necessary, if any, to carry into effect the will of the voters of those two school districts, as had been expressed at the polls by them, and had the commissioners' court declined and refused, after formally declaring the result of that

election, to make such further order or orders as might have been required to give effect to the will of the people of those school districts, that court could have been required by the writ of mandamus to have done so. That court had no discretion in that matter to do otherwise, after declaring the result of the election, than to enter whatever order the law required it to enter giving effect to that election. We think this would be so even if there were no statute governing the effect of the declaration of the commissioners' court of the result of the election in the two school districts. However, as we construe section 5b of an Act of the Fortieth Legislature passed at its First Called Session, p. 228, c. 84, the declaration by the commissioners' court of the result of the election in the Orangefield independent school district and the Duncan Woods common school district No. 9 of itself made effective the consolidation of those two districts without any further order by the commissioners' court. The concluding portion of that section reads as follows: "And when the results are so declared the consolidation of the districts shall thereby become effective." This language is not applicable alone to county line school districts or to districts seeking consolidation in different counties, but applies as well to the consolidation involved in this litigation.

█ The next question for determination is appellants' contention that the county board of school trustees of Orange county had lawful authority to create and establish common school district No. 5, as that board attempted to do by its order of July 22, 1929, even if the consolidation of the Orangefield independent school district and the Duncan Woods common school district No. 9 had become effective prior to that time. We are unable to agree with this contention of the learned counsel for appellants, because to do so would, in our opinion, be tantamount to holding that the county school board of Orange county had the power to thwart and absolutely destroy the will of the people residing in the two school districts that were duly and legally consolidated before that order of the county board was made, and this without a vote of the people in either of the districts affected before the consolidation or since the consolidation, and without a petition signed by a majority of the qualified voters of either of those districts as they originally existed or as consolidated and without any notice to the public of any such contemplated action on the part of the county school board of Orange county. We think, without stating in detail our reasons for the conclusion, that the Act of the Fortieth Legislature at its First Called Session, being chapter 84, providing for the formation and change of school districts, etc., and which was in effect at the time of the transactions here involved, prohibited the county school board

of Orange county from creating, as it did, common school district No. 5 by detaching territory for that purpose from Duncan Woods common school district No. 9, as it originally existed, without a petition signed by a majority of the legally qualified taxpaying residents of that district and without a vote of the people in that district in favor of the establishment of common school district No. 5, as it was established. If we are correct in this construction, it follows that the act of the county school board of Orange county attempting to create common school district No. 5, as it did, was without lawful authority and can have no lawful effect upon the consolidated school district now known as Orangefield independent school district, and appellants had no right to interfere in any manner with the trustees of the consolidated district in the management and control of the school affairs of that district, and the trial judge was correct in denying the motion to dissolve the temporary injunction in this case.

The judgment is affirmed.